IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MILLIE V.,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.[1]

Civil No. TMD 18-3438

## MEMORANDUM OPINION GRANTING PLAINTIFF'S ALTERNATIVE MOTION FOR REMAND

Plaintiff Millie V. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and for Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**.

# I

## Background

On June 8, 2017, Administrative Law Judge ("ALJ") F.H. Ayer held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 37-59. The ALJ thereafter found on November 22, 2017, that Plaintiff was not disabled from her alleged onset date of disability of January 1, 2011, through the date of the ALJ's decision. R. at 15-36. In so finding, the ALJ found that, from November 24, 2013, to November 16, 2014, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional limitations such as frequent fingering with her bilateral upper extremities.[3] R. at 22. The ALJ found that, from November 17, 2014, to January 19, 2016, Plaintiff had the RFC to perform sedentary work but was limited to occasional fingering with her bilateral upper extremities, among other limitations. R. at 26. The ALJ also found that, since January 20, 2016, Plaintiff had the RFC to perform again sedentary work with, *inter alia*, frequent fingering. R. at 30. In light of these RFC assessments and the VE's testimony, the ALJ found that, although Plaintiff could not perform her past relevant work during each of these periods, she could perform other work in the national economy. R. at 24-26, 28-29, 31-32. The ALJ thus found that Plaintiff was not disabled from January 1, 2011, through November 22, 2017. R. at 32.

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on November 7, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 7-10, ECF No. 12-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 9. In particular, she contends that the ALJ "failed to explain, given [her] bilateral upper extremity symptoms, why her extremity limitations of function impacted only her ability to finger objects, and no impact upon her ability to reach and handle." *Id.* Plaintiff also argues that the ALJ erroneously evaluated her subjective complaints. *Id.* at 4-7. As discussed below, the Court remands this case for further proceedings.

> SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC
>
> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Here, Plaintiff's consultative examiner, Ajit Kurup, M.D., opined on July 1, 2015, that Plaintiff "has difficulty with use of bilateral upper extremities for activities such as gripping or grasping especially for extended periods of time. [Plaintiff] has difficulty with twisting off caps etc." R. at 360. The ALJ, however, gave "partial weight" to Dr. Kurup's opinion, finding that, "[w]hile Dr. Kurup performed a thorough examination of [Plaintiff], and his opinion could be construed as consistent with his findings, the opinion is too general to determine its accuracy or for it to be of any significant utility to me in determining" Plaintiff's RFC. R. at 28. According to Plaintiff, Dr. Kurup's opinion "certainly was not too general to reflect that [she] had difficulty handling objects." Pl.'s Mem. Supp. Mot. Summ. J. 9, ECF No. 12-1. Plaintiff maintains that,

despite the evidence in the record, the ALJ failed to explain how he concluded that she had no limitation in her ability to handle objects. *Id.* at 10.

The Court agrees and remands this case because of the ALJ's inadequate analysis of Dr. Kurup's opinion. *See Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) ("[T]he ALJ gave [the consultative examiner's] opinion 'some weight' because 'it is rather vague and general in nature,' but did not discuss what aspects of that opinion he found overly vague. On remand, we caution the ALJ to provide better explanations in support of these types of determinations." (citation omitted)). Defendant points to the opinion of a state agency consultant, S. Rudin, M.D., who opined on July 8, 2015, that Plaintiff's ability to handle was "unlimited." (R. at 28, 84, 94). Def.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 15-1. The ALJ gave "great weight" to Dr. Rudin's opinion, finding that it was "consistent with [Plaintiff's] widespread pain throughout the medical record, as well as her synovitis in her wrists and hands during the present period." R. at 28. According to Defendant, in assessing Plaintiff's RFC, Dr. Rudin noted Dr. Kurup's opinion but determined that Plaintiff would be limited to sedentary work "with manipulation limitations for the hands" because of her history of rheumatoid arthritis "with polyarthritis including involvement of the wrists/hands, ankles/feet, knees, cervical spine with facet arthropath/disc herniation, [and] obstructive sleep apnea." R. at 85, 95. An ALJ may

> credit the opinion of a non-treating, non-examining source where that opinion has sufficient indicia of "supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion."

*Woods*, 888 F.3d at 695 (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 268 (4th Cir. 2017)). Dr. Rudin failed to explain, however, the doctor's conclusion that Plaintiff's ability to handle or perform gross manipulation was unlimited. *See id.* "Nor is there any evidence in the

9

record that [Dr. Rudin] is a specialist and therefore due additional deference." *Id.* Further, it is not clear from the ALJ's decision how Plaintiff's active synovitis or "full range of motion and good strength in most joints, with only mildly decreased grip strength" (R. at 28) exhibited at her consultative examination with Dr. Kurup allowed her to perform the handling requirements of the jobs the VE identified. For these reasons, the Court remands this case for further proceedings.

In short, the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the Court remands this case on other grounds, it does not address Plaintiff's remaining arguments regarding the ALJ's consideration of her subjective complaints. In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues."); *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *5 n.5 (D. Md. Sept. 20, 2019) ("In the interest of a comprehensive review on remand, however, the Court will note that the ALJ does need to explain which evidence he chooses to credit and which evidence he chooses to discredit and why." (citing *Monroe*, 826 F.3d at 189)).

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 12) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 23, 2020

/s/
Thomas M. DiGirolamo
United States Magistrate Judge